IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| WILLIAM L. RODGERS,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN BENEFIT LIFE COMPANY,<br>ROBERT MARTINI, MARTINI<br>FINANCIAL SERVICES, LLC,<br><br>Defendants, | 2:19-CV-00350-MJH |

## **OPINION**

Plaintiff, William L. Rodgers ("Rodgers"), brings the within action against Defendants, Lincoln Benefit Life Company, Robert Martini, and Martini Financial Services, LLC (collectively "Defendants") for Negligent Misrepresentation (Count I) and Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count II) based upon Rodgers' purchase of a life insurance policy from the Defendants. (ECF No. 1-2).

Pending before the Court are Defendants' Motions for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c), wherein Defendants contend that Rodgers' claims are barred by the applicable statutes of limitations. Rodgers has responded, in part, by requesting the Court to convert Defendants' Motions to Dismiss into Motions for Summary Judgment. Upon consideration of Rodgers' Complaint (ECF No. 1-2); Defendants, Robert Martini and Martini Financial Services, LLC's ("Martini"), and Defendant, Lincoln Benefit Life Company's (Lincoln Benefit"), respective Answers (ECF Nos. 10 and 12); Martini's and Lincoln Benefit's respective Motions for Judgment on the Pleadings and Briefs in Support (ECF Nos. 27, 28, 29 and 30);

Rodgers' Motion to Convert to Summary Judgment and Brief in Support (ECF Nos. 34 and 35); Rodgers' Responses and Reply Briefs to Martini's and Lincoln Benefit's respective Motions for Judgment on the Pleadings (ECF Nos. 36, 37, 38, and 39); Lincoln Benefit's and Martini's respective Reply Briefs to Rodgers' Opposition to Motions for Judgment on the Pleadings (ECF Nos. 44 and 46); Lincoln Benefit's and Martini's respective Responses to Rodgers' Motion to Convert to Summary Judgment (ECF Nos. 45 and 47); Rodgers' Replies to Lincoln Benefit's and Martini's respective Responses to Rodgers' Motion to Convert to Summary Judgment (ECF No. 48 and 49); and for the following reasons, Rodgers' Motion to Convert to Summary Judgment will be GRANTED, and Martini and Lincoln Benefit's Motions for Judgment on the Pleadings, as converted to and considered as Motions for Summary Judgment, will be GRANTED.

## I. Background

On February 28, 2019, Rodgers filed this action in the Butler County Court of Common Pleas. (ECF No. 1). Lincoln Benefit removed the case on March 29, 2019. *Id.* In November 1999, Rodgers purchased a Lincoln Benefit Universal Life policy (the "Policy"), from Martini, which provided a $500,000 death benefit. (ECF No. 1-2 at ¶¶ 12, 14). Rodgers, upon advice of Martini, transferred $20,000 to Lincoln Benefit so that the return on the investment would pay for the policy. *Id.* at ¶ 13  On October 6, 2004, Rodgers received correspondence from Lincoln Benefit requesting a premium payment in the amount of $40,000. *Id.* at ¶ 16. Martini informed Rodgers that the stock market had not produced enough return on the initial $20,000 investment to pay for the policy premiums. *Id.* at ¶ 17. Martini advised that Rodgers' could instead make a $600.00 per month premium payment in order to keep the policy in effect. *Id.* at ¶ 18. Thereafter, from November 2004 through June 2016, Rodgers paid $600.00 per month to

Lincoln Benefit. *Id.* at ¶ 19. On April 6, 2016, Lincoln Benefit advised that the Policy would be terminated if Rodgers did not pay $4,072.14. *Id.* at ¶ 21. On April 15, 2016, Martini again advised Rodgers that the investments had failed to "keep up," and the cost to continue to maintain the Policy would increase to $1,241.50 per month. *Id.* at ¶ 23. In June 2016, Rodgers stopped paying the $600 per month, and he never paid the requested $1,241.50 per month. *Id* at ¶ 29 Accordingly, on July 6, 2016, he received notice that his policy would terminate unless he paid Lincoln Benefit $3,958.96. *Id.* at ¶ 30.

Following the close of pleadings, Lincoln Benefit and Martini filed their Motions for Judgment on the Pleadings, arguing that claims are barred by the respective statutes of limitations. In response to Defendants' Motions for Judgment on the Pleadings, Rodgers' submitted an affidavit, which he asks the Court to consider by converting the Motions for Judgment on the Pleadings to Motions for Summary Judgment. In his Affidavit, Rodgers reaffirms the averments from his Complaint, and adds his reasoning to explain why he did not file his Complaint until 2019. In his affidavit, Rodgers asserts that he trusted Martini and that he considered the shortfall in the policy funding to be an honest mistake until January 18, 2018, when he, through legal research, realized that he may have legal claims against Martini and Liberty Benefit. (ECF No. 35-1).

II. **Discussion**

   a. **DefenseMotions for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only when the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of

law." *Minnesota Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotations and citations omitted). When ruling on a motion for judgment on the pleadings, a court generally cannot consider matters outside of the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). There is "no material difference in the applicable legal standards" for a motion for judgment on the pleadings under Rule 12(c) and a motion to dismiss under Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

In deciding a motion to dismiss under Rule 12(b)(6), and similarly a motion for judgment on the pleadings, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (*quoting Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must engage in the following analysis: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

Defendants contend that Rodgers' claims for negligent misrepresentation and Unfair Trade Practices and Consumer Protection Law (UTPCPL) are barred by the applicable statutes of limitations. A two-year statute of limitation applies to Rodgers' negligent misrepresentation and professional negligence claims. 42 Pa. Cons. Stat. Ann. 5524(7); *Cooper v. Sirota*, 37 F. App'x 46, 48 (3d Cir. 2002). A UTPCPL claim is subject to a 6-year statute of limitations under 42 Pa.C.S.A. § 5527; *Morse v. Fisher Asset Mgmt., LLC*, 2019 PA Super 78, 206 A.3d 521, 526 (2019). "A party may raise a statute of limitations defense in a Rule 12(c) motion if its application is apparent on the face of the complaint." *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 558 n.7 (E.D. Pa. 2016).

> Federal Rule of Civil Procedure 8 does not require that a complaint anticipate or overcome affirmative defenses such as the untimeliness of a claim; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. Consistent with this rule, a defendant may raise the statute of limitations as a defense in a Rule 12(b)(6) motion only if it is apparent on the face of the complaint that the claims are not time-barred. If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6). Federal courts have applied this same rule in the context of a motion for judgment on the pleadings.

*Germinaro v. Fid. Nat'l Title Ins. Co.*, 107 F. Supp. 3d 439, 449 (W.D. Pa. 2015) (cleaned up) (citing and quoting *Schmidt v. Skolas*, 770 F.3d 241, 248–49 (3d Cir. 2014)).

According to the Complaint and Answer, without Rodgers' affidavit, Rodgers' claims of negligent misrepresentation and unfair trade practices stem from Lincoln Benefit and Martini's alleged misrepresentation about funding for the Policy and about the potential for future imposition and increase in premium payments to maintain the Policy. On the face of the Complaint, Rodgers pleads that in 2004 he was informed of the shortfall and that he needed to pay and did pay additional $600 monthly payments towards premium shortfalls from 2004. From his Complaint as of 2004, Rodgers knew that funding shortfalls had occurred and that

5

monthly premium payments were necessary as a result. He pleads that he made the monthly payments to maintain the Policy for twelve years. He did not file any lawsuit until the present complaint, which he filed in February 2019. Said filing was fifteen years after he first knew that his 1999 Policy purchase payment of $20,000 did not cover the accruing premiums, which was contrary to the Defendant's representation. Accordingly, from the face of the Complaint, all claims in the Complaint were filed beyond the two-year statute of limitations for negligence and negligent misrepresentation and beyond the six-year statute of limitation for the UTPCPL claim. Thus, considering only the face of the pleadings, Rodgers' claims are barred by the respective statutes of limitations, and Defendants' Motions for Judgment on the Pleadings would be granted.

### b. Rodgers' Motion to Convert to Motion for Summary Judgment and his Affidavit

In his Motion to Convert the defense Motions for Judgment on the Pleadings to Motions for Summary Judgment, Rodgers has filed an affidavit, which he asks the Court to consider.

Summary judgment may only be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its

function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998). The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

Through his affidavit and briefing, Rodgers assets that the statutes of limitations did not begin to run until after he knew that he had a legal cause of action against Defendants. He asserts that he became aware of his causes of action when he performed legal research in January 2018. As a general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983) (citations omitted). Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. *Id.* Through his affidavit, Rodgers' claims, that his trust in the Defendants and his belief that Martini had made an honest mistake, support Rodgers' argument that he was not aware of his legal right to recovery until January 2018. However, as of 2004, Rodgers was aware of the insufficient investment return and the additional premium payment issue. As such, as of that date, he had the duty to exercise reasonable diligence to become informed about the facts and legal issues regarding the same. The law does not provide for the

tolling of the statutes of limitations based upon the reasons set forth within Rodgers' affidavit. Following review and consideration of Rodgers' affidavit, and applying the facts from the same to the pleadings, the Court reaches the same conclusion that the respective statutes of limitations bar Rodgers' claims.

Regardless of whether ruling is upon the defense's motions for judgment on the pleadings or as converted to motions for summary judgment and consideration of Rodgers' affidavit, the result is the same. Thus, Rodgers' Motion to Convert to Summary Judgment will be GRANTED. Martini and Lincoln Benefit's respective Motions for Judgment on the Pleadings are converted to Motions for Summary Judgment. As such, and in accordance with the above discussion, the defense motions will be GRANTED. Judgment will be granted in favor of Defendants and against Plaintiff. A separate order will issue.

BY THE COURT:

_September 30, 2019_
Date

Marilyn J. Horan
United States District Judge